UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BUFFALO ANESTHESIA ASSOCIATES, P.C.,**

        **Plaintiff,**

v.

**WAYNE GANG,**

        **Defendant.**        05-CV-0204S(Sr)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**WAYNE GANG,**

        **Third-Party Plaintiff,**

v.

**HEALTHNOW NEW YORK, INC.,** *formerly known as* **New York Care Plus Insurance Company, Inc.** *doing business as* **Community Blue** *doing business as* **Blue Cross & Blue Shield of Western New York,**

        **Third-Party Defendant.**

---

### **DECISION AND ORDER**

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #23.

Currently before the Court is Third Party Defendant HealthNow New York, Inc.'s ("HealthNow's"), motion for summary judgment and attorney's fees. Dkt. #17. For the following reasons, HealthNow's motion is granted in part.

## BACKGROUND

On July 27, 1993, Wayne Gang was injured while working in the course of his employment at Outokumpu American Brass ("American Brass"), sustaining partial amputation of both of his feet. Dkt. #36, ¶¶ 4-5. Mr. Gang commenced a personal injury action against the manufacturer of the machine involved, ADS Machinery Corp. ("ADS Machinery"), which impleaded Mr. Gang's employer, American Brass. Dkt. #36, ¶¶ 6-7. The action was settled before trial for the sum of $1,130,000, with American Brass waiving its Workers' Compensation lien but exercising its right of offset.[1] Dkt. #36, ¶ 9; Dkt. #38, ¶ 5.

Mr. Gang's wife, Margaret Gang, affirms that she discussed her husband's work-related injury with representatives of HealthNow, doing business as Blue Cross & Blue Shield of Western New York ("Blue Cross"), and was advised that her husband could "obtain full coverage under [her] family coverage" through her employer, Mercy Hospital. Dkt. #37, ¶ 6. In reliance upon this representation, Mrs. Gang obtained health insurance coverage for her husband through her employer's plan with Blue Cross. Dkt. #37, ¶ 8.

The health benefits contract contains the following exclusion:

**Workers' Compensation**. We will not pay for any injury, condition or disease if payment is available under a

---

[1] Section 29 of New York's Workers' Compensation Law provides employers such as American Brass with both a lien for the amount of compensation benefits and medical expenses already disbursed and the right to offset the employee's future benefits and medical expenses by the amount of the net recovery from a third-party such as ADS Machinery. Although American Brass waived the lien, it exercised its right to the offset. Dkt. #41-3, p.3.

> Workers' Compensation Law or similar legislation. We will
> not make any payments even if you do not claim the benefits
> you are entitled to receive under the Workers'
> Compensation Law. Also, we will not make payments even
> if you bring a lawsuit against the person who caused your
> injury or condition and even if you receive money from that
> lawsuit and you have repaid the hospital and other medical
> expenses you received payment for under the Workers'
> Compensation Law or similar legislation.

Dkt. #12, ¶ 6; Dkt. #13-2, p.23; Dkt. #38, ¶ 6. The health benefits contract also provides that any lawsuit against HealthNow pursuant to the contract must be commenced within one year from the date the service was provided. Dkt. #13-2, p.33. In addition, the health benefits contract affords HealthNow the right to

> develop or adopt standards which describe in more detail
> when we will make or will not make payments under this
> Contract and administrative rules pertaining to enrollment
> and other administrative matters. We shall have all the
> powers necessary or appropriate to enable us to carry out
> our duties in connection with the administration of this
> Contract, including without limitation thereto, the power to
> conduct utilization review and quality review, the power to
> construe this Contract, to determine all questions arising
> under this Contract and to make and establish (and
> thereafter change) rules and regulations and procedures
> with respect to this Contract. If you have a question about
> the standards which apply to a particular benefit or the
> administrative rules, you may contact us and we will explain
> the standards or rules.

Dkt. #13-2, p.33.

By letter dated September 21, 1999, HealthNow advised Mr. and Mrs. Gang that it would not provide benefits for "any services rendered which are related to the injury or condition as a result of Workers' Compensation case number 094-94082." Dkt. #14-2, p.27. On May 19, 2000, Mr. Gang obtained an Order to Show Cause from the Hon. Patrick NeMoyer, Justice of the Supreme Court of the State of New York,

ordering HealthNow to show cause why Mr. Gang should not be provided "unrestricted medical insurance coverage, including treatment related to and for his partial feet [sic] and the injuries sustained while an employee of American Brass . . . ." Dkt. #14-2, pp.1-2. HealthNow moved the action to the United States District Court for the Western District of New York on June 2, 2000, and moved to dismiss the order to show cause. Dkt. #14-3, p.1. The transcript of the proceeding before the Hon. William M. Skretny, U.S.D.J., on July 28, 2000, reveals that Mr. Gang withdrew his application, resulting in the dismissal of the action. Dkt. #14-7.

Plaintiff, Buffalo Anesthesia Associates, P.C. ("Buffalo Anesthesia"), commenced this action against defendant, Wayne Gang, by Summons and Complaint filed in Buffalo City Court, seeking payment of $840.00, plus interest at 9% from September 24, 2001, for services rendered. Dkt. #1-3, pp.3-4. Mr. Gang and HealthNow agree that the services rendered by Buffalo Anesthesia related to Mr. Gang's feet. Dkt. #12, ¶ 3; Dkt. #38, ¶ 3. HealthNow asserts that it denied payment for this treatment because Mr. Gang

> was eligible for payment for this condition affecting his amputated feet, and in fact received payment for this condition, under the Workers' Compensation Law. Mr. Gang accepted a Workers' Compensation settlement for the injury to his lower legs and feet. Under the Health Benefits Contract, Mr. Gang is responsible for medical bills for treatment related to the injuries he sustained to his lower legs and feet during the course of his employment, not HealthNow.

Dkt. #13, ¶ 9. HealthNow affirms that Mr. Gang was sent an Explanation of Benefits dated October 11, 2001, informing him that the treatment provided by Buffalo

-4-

Anesthesia was not covered under the health benefits contract because the injury was "eligible for workers' compensation" and that Mr. Gang did not appeal HealthNow's denial. Dkt. #13, ¶ 10; Dkt. #13-4, p.4.

On February 23, 2005, Mr. Gang commenced a third party action against Healthnow, alleging that he was insured by HealthNow at the time the health services were provided to him by Buffalo Anesthesia and that HealthNow breached its contract by failing to cover that treatment. Dkt. #1, ¶ 4; Dkt. #1-3, pp.22-23 & 27-32.

HealthNow removed the action to this court based upon federal question jurisdiction, specifically, the jurisdiction afforded employee welfare benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Dkt. #1, ¶¶ 5-7. The parties agree that health benefits contract at issue is an employee benefit plan as defined by ERISA. Dkt. #12, ¶ 2; Dkt. #38, ¶ 2.

HealthNow's counsel affirms that upon receipt of the third-party complaint, she spoke to Mr. Gang's counsel and requested that the action be discontinued. Dkt. #14, ¶ 57. Thereafter, HealthNow's counsel sent Mr. Gang's counsel a detailed letter requesting that the action be discontinued because it was barred by the statute of limitations set forth in the health benefits contract and because HealthNow's denial of the claim was not arbitrary and capricious. Dkt. #14-13, pp.1-7. HealthNow's counsel also submitted a copy of Judge Curtin's decision in *Dorato v. Blue Cross of Western New York, Inc.*, 163 F.Supp.2d 203 (W.D.N.Y. 2001), which granted summary judgment

in favor of HealthNow upon similar facts. Dkt. #14-13, p.3. HealthNow's counsel advised Mr. Gang's counsel that HealthNow would seek costs and/or sanctions if Mr. Gang declined to discontinue his third-party action. Dkt. #14-13, p.6.

## DISCUSSION AND ANALYSIS

HealthNow argues that Mr. Gang's breach of contract claim is preempted by ERISA and barred by the statute of limitations. Dkt. #18, pp. 5-10. Moreover, HealthNow argues that its denial of benefits pursuant to the Workers' Compensation exclusion set forth in the health benefits plan was not arbitrary and capricious as a matter of law. Dkt. #18, p.10.

Mr. Gang responds that HealthNow's denial of benefits was arbitrary and capricious as a matter of law because Workers' Compensation benefits have not been available to him since he settled his lawsuit with ADS Machinery and his employer, American Brass, exercised its right of offset. Dkt. #39.

**ERISA Preemption**

"ERISA is a broad, comprehensive federal statute 'designed to promote the interests of employees and their beneficiaries in employee benefit plans.'" *Devlin v. Transp. Communications Int'l*, 173 F.3d 94, (2d Cir. 1999), *quoting Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). "ERISA has a far-reaching preemptive clause, providing that it shall, with certain exceptions, 'supersede any and all State laws insofar

as they may now or hereafter relate to any employee benefit plan' under ERISA." *Id, quoting* 29 U.S.C. § 1144(a). "This expansive preemptive provision is broadly employed, as Congress intended for exclusively federal regulation of benefit plans." *Id*.

"ERISA's comprehensive regulation of employee welfare and pension benefit plans extends to those that provide 'medical, surgical, or hospital care or benefits' for plan participants or their beneficiaries 'through the purchase of insurance or otherwise.'" *New York Blue Cross v. Travelers Ins. Co.*, 514 U.S. 645, 650-51 (1995), *quoting* 29 U.S.C. § 1002(1). Thus, "all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans [are] treated as federal questions governed by § 502(a)," which is codified at 29 U.S.C. 1132(a). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987).

As the parties do not dispute that the health benefits plan at issue is an employee benefit plan as defined by ERISA, Mr. Gang's breach of contract claim arising from HealthNow's denial of benefits under that plan is preempted by ERISA. *See Kishter v. Principal Life Ins. Co.*, 186 F. Supp.2d 438 (S.D.N.Y. 2002) ("Numerous decisions in this circuit make clear that breach of contract claims arising from a failure to pay benefits under an ERISA plan are preempted."). As a result, the Court must determine whether Mr. Gang should be afforded the opportunity to amend his third-party complaint to assert an ERISA claim or whether such an amendment would be futile.

**Timeliness of Mr. Gang's Claim**

ERISA does not provide a statute of limitations for bringing a claim under 29 U.S.C. § 1132, so courts must apply the most analogous state statute of limitations. *Smith v. First UNUM Life Ins. Co.*, No. 98-CV-2415, 1999 WL 369958, at *3 (E.D.N.Y. June 2,1999). In *Miles v. New York State Teamsters Conference Pension Plan*, the Court of Appeals for the Second Circuit determined that New York's six-year statute of limitations for contract actions, as set forth in Section 213 of New York's Civil Procedure Law & Rules ("C.P.L.R."), is the most analogous state statute of limitations. 698 F.2d 593 (2d Cir.), *cert. denied*, 464 U.S. 829 (1983). However, it is well-settled in this circuit that parties to an employee benefit plan governed by ERISA may contract for a shorter limitations period in accordance with Secion 201 of New York's C.P.L.R. *Smith*, 1999 WL 369958, at *3; *Lugo v. AIG Life Ins. Co.*, 852 F. Supp. 187, 195 (S.D.N.Y. 1994).

In the instant case, the health benefits contract provides that any lawsuit against HealthNow pursuant to the contract must be commenced within one year from the date the service was provided. Dkt. #13-2, p.33. Accordingly, the statute of limitations in this action is one year. Despite the language of the contract suggesting that the statute of limitations begins to run on the date the service was provided, the Court of Appeals for the Second Circuit has determined that the limitations period begins to run when the provider denies the claim. *Miles,* 698 F.2d at 598; *Larsen v. NMU Pension Trust*, 902 F.2d 1069, 1073 (2d Cir. 1990). As HealthNow denied Mr. Gang's claim for coverage of services rendered by Buffalo Anesthesia in an Explanation of Benefits dated October 11, 2001, his commencement of a lawsuit against HealthNow

on February 23, 2005 is clearly barred by the statute of limitations set forth in the health benefits plan.

**Merits of Mr. Gang's Claim**

In *Firestone Tire & Rubber Co. v. Bruch*, the Supreme Court of the United States held that "a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115 (1989). Where the Plan has afforded its administrator discretion to interpret the terms of the Plan, a reviewing court will uphold the Plan's determination unless it is arbitrary and capricious. *Id.* In accordance with this standard, a court will overturn a decision to deny benefits only if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. Nynex Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (internal quotation omitted).

In the instant case, the health benefits plan affords HealthNow the "power to construe this Contract, to determine all questions arising under this Contract and to make and establish (and thereafter change) rules and regulations and procedures with respect to this Contract." Dkt. #13-2, p.33. Therefore, the deferential standard of review applies. *See Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1269 (2d Cir. 1995) (provision affording plan authority to "pass upon all questions concerning the application or interpretation of the provision of the Plan" sufficient to require arbitrary and capricious review); *Dorato*, 163 F.2d at 210

(construing the same policy language at issue in this action to warrant arbitrary and capricious standard of review).

Applying the arbitrary and capricious standard of review, the Court finds no basis to overturn HealthNow's determination to deny health benefits to Mr. Gang with respect to his work-related injury. The health benefits plan provides that HealthNow

> will not pay for any injury, condition or disease if payment is available under a Workers' Compensation Law or similar legislation. We will not make any payments even if you do not claim the benefits you are entitled to receive under the Workers' Compensation Law. Also, we will not make payments even if you bring a lawsuit against the person who caused your injury or condition and even if you receive money from that lawsuit and you have repaid the hospital and other medical expenses you received payment for under the Workers' Compensation Law or similar legislation.

Dkt. #12, ¶ 6; Dkt. #13-2, p.23; Dkt. #38, ¶ 6. This is the same provision which was at issue in *Dorato*, wherein Judge Curtin determined that:

> Plaintiff has not shown, in any way, that HealthNow's determination that his bills were not covered by reason of the Workers' Compensation exclusion section of the contract, was irrational. Mr. Dorato received $80,000 in benefits under the aegis of a settlement reached between him and the employer's workers' compensation carrier, approved by the WCB. At oral argument, HealthNow argued that the workers' compensation carrier receives its premiums to assume the risk for on-the-job injuries. Ordinary health insurance subscribers did not contract to assume the risk of medical bills for workers injured on the job. Thus, it was not irrational for HealthNow to view Dorato's injury as occurring on the job, that the settlement by the workers' compensation carrier was for work-related injuries, that payment was available under the WCL and received, and as such, that HealthNow's contract exclusion was applicable. The court agrees with defendant that it was not unreasonable for

> HealthNow to conclude that the $80,000 represented
> payment to plaintiff under the Workers' Compensation Law
> when he settled his workers' compensation claim. Given the
> contract's Workers' Compensation provision that HealthNow
> will not pay for any injury if payment is available under the
> WCL, HealthNow has presented a rational interpretation of
> the contract that, under the law, must be allowed to control.

163 F.2d at 214.

This analysis is equally persuasive in the instant case. It was not arbitrary or capricious for HealthNow to conclude that Mr. Gang's settlement with ADS Machinery compensated him for a work-related injury and that the medical expenses related to that injury would otherwise have been the responsibility of American Brass. Mr. Gang's decision to accept a settlement of his personal injury claim against the manufacturer of the machinery involved in his accident does not render the workers' compensation benefits from his employer unavailable – it simply affords the employer an offset against its obligations under the Workers' Compensation Law. See N.Y. Workers' Comp. Law § 29(4). In other words, Mr. Gang's decision to accept a personal injury settlement does not transfer liability for the medical consequences of a work-related injury away from the employer simply because New York's Workers' Compensation Law affords that employer an offset for the amount of such a settlement.

**Attorney's Fees**

Although 29 U.S.C. § 1132(g)(1) provides that the Court, "in its discretion, may allow a reasonable attorney's fee and costs of action to either party" in a civil enforcement action commenced pursuant to 29 U.S.C. § 1132(a)(1)(B), the procedural

posture of this case is such that the cause of action before the Court is a common law breach of contract claim. In other words, because the Court finds that it would be futile to permit Mr. Gang to amend his complaint to allege an ERISA cause of action, there is no civil enforcement action to support an award of attorney's fees under that statute.

However, the Court has inherent authority to assess sanctions for conduct taken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The Court finds it appropriate to consider such sanctions in this case. Specifically, the Court is troubled that Mr. Gang and his counsel would not have been aware of the one-year statute of limitations set forth in the health benefits plan before commencing this action in state court and that they would choose to continue this action despite being made aware of that provision and despite being presented with the *Dorato* decision from Judge Curtin addressing the same health benefits plan and determining that it was not arbitrary and capricious for HealthNow to apply the Workers' Compensation exclusion to deny coverage for a condition when the individual had received a workers' compensation settlement for that condition. Accordingly, Mr. Gang and his counsel are hereby Ordered to Show Cause why they should not be directed to compensate HealthNow for reasonable expenses, including attorneys' fees, attributable to its defense of this action.

## **CONCLUSION**

For the foregoing reasons, HealthNow's motion for summary judgment is granted. Dkt. #17. Furthermore, Mr. Gang and his counsel shall show cause, in writing, no later than **June 19, 2009**, why they should not be directed to compensate

HealthNow for reasonable expenses, including attorneys' fees, attributable to its defense of this action.

    **SO ORDERED.**

**DATED:**  **Buffalo, New York**
      **May 20, 2009**

                **s/ H. Kenneth Schroeder, Jr.**
                **H. KENNETH SCHROEDER, JR.**
                **United States Magistrate Judge**