UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BUFFALO ANESTHESIA ASSOCIATES, P.C.,**

          **Plaintiff,**

v.

**WAYNE GANG,**

          **Defendant.**         05-CV-0204S(Sr)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**WAYNE GANG,**

          **Third-Party Plaintiff,**

v.

**HEALTHNOW NEW YORK, INC.,** *formerly known as* **New York Care Plus Insurance Company, Inc.** *doing business as* **Community Blue** *doing business as* **Blue Cross & Blue Shield of Western New York,**

          **Third-Party Defendant.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #23.

By Decision and Order entered May 20, 2009, the undersigned granted Third Party Defendant HealthNow New York, Inc.'s ("HealthNow's"), motion for summary judgment and ordered third-party plaintiff, Wayne Gang, and his counsel, to

show cause why they should not be directed to compensate HealthNow for reasonable expenses, including attorneys' fees, attributable to its defense of this action. Dkt. #46. In issuing that Order, the Court advised Mr. Gang and his counsel that it was

> troubled that [they] would not have been aware of the one-year statute of limitations set forth in the health benefits plan before commencing this action in state court and that they would choose to continue this action despite being made aware of that provision and despite being presented with the *Dorato* decision from Judge Curtin addressing the same health benefits plan and determining that it was not arbitrary and capricious for HealthNow to apply the Workers' Compensation exclusion to deny coverage for a condition when the individual had received a workers' compensation settlement for that condition.

Dkt. #46, p.12.

In response to the Court's Order, counsel for Mr. Gang affirms that he did not believe the one year statute of limitations contained within the health benefits contract between Mr. Gang's wife and HealthNow would be enforceable because his clients detrimentally relied upon representations by HealthNow representatives to provide coverage. Dkt. #47, ¶ 17. As noted in the prior decision, Mr. Gang's wife, Margaret Gang, affirmed that she

> discussed her husband's work-related injury with representatives of HealthNow, doing business as Blue Cross & Blue Shield of Western New York ("Blue Cross"), and was advised that her husband could "obtain full coverage under [her] family coverage" through her employer, Mercy Hospital.

Dkt. #46, p.2, *citing* Dkt. #37, ¶ 6. Plaintiff affirms that he would not have accepted the

personal injury settlement[1] if HealthNow had not represented that to his wife that future medical treatment related to his work-related injury would not be covered. Dkt. #48, ¶ 10. Counsel states that plaintiff "has incurred uncovered medical bills well into five figures." Dkt. #47, ¶ 18. Plaintiff affirms that HealthNow's misrepresentation "has caused him to become financially broke." Dkt. #48, ¶ 11.

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyseska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, "a court may impose attorney's fees under its inherent power as a penalty for misconduct during the course of litigation." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49-50 (1991). "Awards under the inherent power exception to the American Rule may be made against the losing party or against the attorney for the losing party." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), *cert. denied sub nom Suffolk County v. Graseck*, 480 U.S. 918 (1987).

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999); *see Chambers*, 501 U.S. at 45-46 (court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.).

---

[1] The personal injury action was settled before trial for the sum of $1,130,000, with Mr. Gang's employer waiving its Workers' Compensation lien but exercising its right of offset pursuant to section 29 of New York's Workers' Compensation Law. Dkt. #36, ¶ 9; Dkt. #38, ¶ 5.

"Conduct is entirely without color when it lacks any legal or factual basis." *Wolters Kluwer Financial Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009), *petition for cert. filed*, 78 USLW 3098 (Aug. 19, 2009) (No. 09-217).

The commencement of this third-party action against HealthNow was without colorable basis and motivated by improper purposes. Mr. Gang was aware of HealthNow's position that his work-related injuries were excluded from coverage under the health benefits contract in September of 1999 and his attorney obtained an Order to Show Cause challenging that determination in May of 2000, but withdrew that proceeding. Dkt. #14-2, pp.1-2 & 27; Dkt. #14-7. At that point in time, Mr. Gang and his attorney possessed the health benefits contract containing the exclusion and requiring any lawsuit against HealthNow be commenced within one year from the date the service was provided. Dkt. #14-3, p.42-43 & 14-7. Despite this knowledge, Mr. Gang and his attorney waited to challenge HealthNow's denial of coverage for a medical procedure pertaining to his work-related injury performed on September 24, 2001 until February 23, 2005, after the medical provider commenced suit against Mr. Gang for nonpayment. Dkt. #1-3. Obviously, this was an attempt by Mr. Gang to unjustly delay and needlessly complicate the underlying proceeding for nonpayment to the medical provider. The Court will not countenance such behavior from either Mr. Gang or his counsel.

However, the Court is sensitive to Mr. Gang's disability and his professed lack of financial means and aware of the likely disparity between the legal fees actually

incurred by HealthNow in defending this action and the penalty which would deter him – and others – from such misconduct in the future.  The Court also acknowledges that in light of "the underlying purpose of sanctions – to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations – it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay."  *Oliveri*, 803 F.2d at 1281.  In the exercise of such discretion, the Court orders Mr. Gang to pay HealthNow $1,000 and Mr. Gang's attorney to pay HealthNow $2,000.

As this Decision and Order resolves the third-party complaint and the Court lacks jurisdiction over the original complaint, the Clerk of the Court is directed to close this case and remand the original complaint to the Buffalo City Court.

**SO ORDERED.**

**DATED:     Buffalo, New York**
**September 30, 2009**

 s/ H. Kenneth Schroeder, Jr. 
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**